### ZELLER v. GREENEBAUM.

(Supreme Court, Appellate Term. May 7, 1909.)

MASTER AND SERVANT (§ 80*)—WAGES—SUFFICIENCY OF EVIDENCE.

    In an action for services, in which the services are admitted, but defendant claims that plaintiff was discharged for giving away defendant's goods, a judgment for defendant *held* not sustained by the evidence.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 118; Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Zeller against Tobias Greenebaum for services. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Abraham Kutz, for appellant.

Myron Sulzberger, for respondent.

PER CURIAM. The plaintiff, employed as a butcher, sued to recover $12 for one week's wages. The services were not denied. Defendant claimed that he had discharged plaintiff because he had been told by his cashier that plaintiff had been taking tips from customers and giving away his employer's goods and that plaintiff had admitted these things. This the plaintiff denied. The trial judge found for defendant.

If the defendant had proved that plaintiff had disposed of goods' equal in amount to the latter's salary, defendant might have been allowed to offset the value of those goods. This, however, the defendant did not do; the only evidence offered on this head being in regard to one small purchase, amounting to 32 cents, which plaintiff swears was paid for.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.